IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THOMAS LENTON WATSON,** **PLAINTIFF,**

**VS.** **CIVIL ACTION NO. 1:03CV324-P-D**

**NORTH PANOLA SCHOOL DISTRICT,** **DEFENDANT.**

**MEMORANDUM OPINION**

This matter comes before the court upon Defendant North Panola School District's Motion for Summary Judgment [67-1]. Upon due consideration of the motion and the responses filed thereto, the court is prepared to rule.

**I. FACTUAL BACKGROUND**

Thomas Lenton Watson, a retired U.S. Army Special Forces Sergeant First Class was hired as a Junior Reserve Officer Training Corp (JROTC) instructor at North Panola High School on July 13, 1999. He continued in that position for three school years until he resigned effective in June 2002 in order to attend nursing school. Well into his second semester at nursing school at Northwest Community College, Watson was heavily encouraged to return to his position at North Panola High School by students and members of its faculty after the man who replaced Watson had resigned. Watson applied for a formal interview. It is undisputed that during the interview with North Panola High School's principal, assistant principal, and the major in charge of the JRTOC program, the principal clearly indicated that Watson had the job. Accordingly, Watson quit nursing school and returned to his position as JRTOC instructor at North Panola High School the following Monday.

Watson worked for that week – five days. Thereafter, Watson was informed that he did not technically have the job because the school board officially hired another candidate.

On September 2, 2003, Watson filed the instant action against North Panola School District. In his Third Amended Complaint, filed October 4, 2004, Watson argues that North Panola School District is liable for (1) violation of his substantive and procedural due process rights guaranteed by the Fourteenth Amendment via 42 U.S.C. § 1983 because the State deprived him of his property interest in his job arbitrarily and/or capriciously and because he was not given notice or an opportunity to be heard regarding his discharge; (2) breach of the employment contract; (3) causing detrimental reliance; and (4) *quantum meruit* for the five days Watson worked for North Panola High School without pay. Watson seeks actual damages for loss of income, collateral damages, reinstatement, damages for mental anguish and emotional damages, and reasonable attorney fees.

On July 19, 2005, North Panola High School filed its motion for summary judgment. Ultimately, the defendant argues that Watson's entire case fails because (1) Mississippi law provides that the school board, not a principal, has exclusive legal authority to hire; (2) Mississippi law requires a public school employee to have a written contract; (3) the school board never hired Watson nor did it provide Watson with a written contract; and (4) Watson knew these requirements given his prior three years as a public school employee and thus did not reasonably rely on the principal's offer of the job. NPSD also argues pursuant to Miss. Code Ann. § 11-46-11(1) that all of Watson's state-law claims must fail because he did not comply with the Mississippi Tort Claims Act's requirement that a Notice of Claims must be filed with the chief executive officer of the NPSD ninety days before filling suit.

## II. DISCUSSION

**A. Summary Judgment**

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, *supra*, at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v.*

*Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5 Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5 Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5 Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*., at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*., at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**2.§ 1983 Claims for Due Process Violations**

The three scenarios giving rise to a § 1983 action for violation of the Fourteenth Amendment's Due Process Clause include (1) a violation by a state official of a right protected by the Bill of Rights; (2) a violation of the substantive due process clause barring "certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them'"; or (3) a violation of the guarantee of fair procedure. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

4

"To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). One must look to state law to determine whether there is a valid property interest. *Id*. Furthermore, proof of substantive due process violations require evidence of state conduct that "shocks the conduct." *Rochin v. California*, 342 U.S. 165, 172-3 (1952).

Under Mississippi law, the school board has the exclusive right to hire public school employees. Miss. Code Ann. § 37-9-17. A teacher in a public school is required to have a written employment contract with his school. Miss. Code Ann. § 37-9-23. Each public school teacher must be elected and approved by their school board. *Id*. A public school teacher cannot be paid until a written contract is executed between the employee and the school board. Miss. Code Ann. § 37-9-43. In any event, the school board cannot be held liable under the theory of vicarious liability for the principal's improper "hiring" of Watson. *Beattie v. Madison Co. Sch. Dist.*, 254 F.3d 595, 600 n. 2 (5th Cir. (Miss.) 2001) (citing *Monell v. New York City Dept. of Soc. Services*, 436 U.S. 658 (1978)).

It is undisputed that (1) Watson was purportedly hired by the principal of NPSD (2) Watson was not hired by the school board; and (3) Watson did not receive a written contract. Accordingly, Watson cannot survive summary judgment on his § 1983 claim for violation of his substantive due process rights given that he did not have a property interest in his job since he was never hired in the manner required by state law. Nor can he be said to have been terminated arbitrarily or capriciously since he was never officially hired. As stated above, NPSD cannot be held vicariously liable for the principal's conduct – especially given the clear statutory requirements for hiring a teacher.

Since the court concludes that Watson has not demonstrated a genuine issue of material fact regarding his substantive due process claim, the court need not proceed to the question of a violation of his procedural due process rights. *Amer. Mfrs. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 60 (1999). Nevertheless, the plaintiff was not entitled to a due process hearing regarding his "discharge" because he had never been officially hired.

### **3. The Mississippi Tort Claims Act**

The Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11(1) provides in pertinent part that:

> Any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

The plaintiff filed his original complaint on September 2, 2003. Attached to his Third Amended Complaint, filed on October 4, 2004 is Watson's Notice of Claim for Damages dated June 15, 2004. The defendant argues that since there is no evidence that Watson filed a notice of claims 90 days before he filed his original complaint, his state law claims against North Panola School District are barred by the MTCA. The plaintiff never addresses this issue in his response.

The court concludes that because there is no evidence that Watson provided North Panola School District with a notice of claims 90 days before he filed the instant suit, all of his state-law claims should be dismissed as barred pursuant to Miss. Code Ann. § 11-46-11(1). In any event, the plaintiff's state-law claims are without merit as will be explained below.

**4. Breach of Contract and Detrimental Reliance**

It is self-evident that in order to breach a contract, there must be a valid, binding contract. It is undisputed that Watson was never hired by the school board, nor did he ever receive a written contract. Since a teacher in a public school in Mississippi must have a written employment contract with his school in order to get paid under Miss. Code Ann. §§ 37-9-23 and 37-9-43, and since a public school employee must be hired by the school board under §§ 37-9-17 and 37-9-17, there was no contract to breach. Therefore, Watson's breach of contract claim fails as a matter of law.

To establish detrimental reliance, Watson must show that he relied on some representation, that he changed his position because of that reliance, and he suffered a resulting detriment. *Town of Florence v. Sea Lands, Ltd*. 759 So.2d 1221, 1229 (Miss. 2000). Inherent in determining whether a plaintiff actually relied on a representation is the question of whether he reasonably relied on a representation. Watson has provided no evidence that he reasonably relied on the improper representation by the principal that he was hired – this is especially true given that Watson had already been through the hiring process when he worked for the very same high school in the very same position less than a year before and obviously knew that he had to be approved by the board and receive a written contract in order to be formally hired. The court concludes that even though the MTCA bars Watson's detrimental reliance claim for failure to file a notice of claims 90 days prior to filing a complaint in court, said claim would fail as a matter of law.

**5. Quantum Meruit**

In order to prove the validity of a *quantum meruit* claim, the plaintiff must first show that it was reasonable for him to expect compensation. *Estate of Adkins*, 513 So.2d 922, 926 (Miss. 1987). Given that Watson already knew from prior experience that he was not technically hired by the North

Panola School District until he was hired by the school board and he received a written contract, Watson has provided no evidence that it was reasonable for him to expect compensation when he had not yet been hired by the school board, regardless of what the principal said.

### III. CONCLUSION

For the reasons discussed above, Defendant North Panola School District's Motion for Summary Judgment [67-1] should be granted and all of the plaintiffs claims should be dismissed with prejudice. The court agrees that the circumstances in this case were unfortunate and lamentable, especially given SFC Watson's long military service to his country. However, Mississippi law is clear that one must file a notice of claims with the governmental entity to be sued 90 days before suit is filed in order to maintain the lawsuit against the State. Even if the notice of claims had been filed, Mississippi law is clear that only school boards, not principals, can hire public school employees and that school instructors cannot have an oral employment contract. This being the case, all of the plaintiff's claims fail as a matter of law. Thus, there can be no genuine issue of material fact necessitating a trial regarding any of the plaintiff's claims. Accordingly, and Order shall issue forthwith,

**THIS DAY** of September 30, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE